**Mohamed Hamood HUMRAN, aka Mohammed Hamood Humran Nagi, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 06–75097.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 4, 2010.[*]

Filed Oct. 6, 2010.

Carol A. Dvorkin, Esquire, Law Firm of Carol A. Dvorkin, Half Moon Bay, CA, for Petitioner.

Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, Anh–Thu P. Mai-Windle, Senior Litigation Counsel, Oil, Annette Marie Wietecha, Trial, U.S. Department Of Justice, Washington, DC, for Respondent.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Before: BEEZER, KLEINFELD, and GRABER, Circuit Judges.

## MEMORANDUM **

Petitioner Mohamed Hamood Humran, a native and citizen of Yemen, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen and review de novo claims of due process violations, including claims of ineffective assistance of counsel, *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir.2005), and deny the petition for review.

The BIA did not abuse its discretion in denying Petitioner's motion to reopen because his prior counsel had not been retained to provide the services that Petitioner claimed counsel failed to perform, including the filing of a petition for review with this court. *See Iturribarria v. INS*, 321 F.3d 889, 900–01 (9th Cir.2003) (incompetent representation where counsel failed to prepare and file suspension of deportation application in accordance with agreement). It follows that Petitioner's due process challenge fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation).

**PETITION DENIED.**

** The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).